UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| TAJUDDIN HASLANI,<br><br>             Plaintiff,<br><br>     -against-<br><br>JASON GRINDLE<br><br>             Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT PURSUANT TO 15 U.S.C. § 1125, 17 U.S.C. § 107 et seq, 28 USC 2201/02 AND OTHER RELIEF** |

## NATURE OF THE ACTION

1.  This is a case brought against an admitted intellectual property troll, Jason Grindle, who seeks to extort thousands of dollars in "settlements" from victims such as Tajuddin Haslani for alleged infringements of photographs he otherwise licenses, when he can, for less than $20, and by falsely claiming that he has registered his photographs with the United States Copyright Office, when he has not.

2.  Plaintiff Tajuddin Haslani seeks declaratory judgment of non-infringement of any alleged copyright asserted against him by Defendant Jason Grindle. Haslani further seeks declaratory judgment that Grindle has been fully compensated for any alleged copyright violation asserted by Grindle.

3.  Grindle has asserted that Haslani is infringing Grindle's alleged copyright by posting it on a website without his permission. Haslani denies that it has infringed any copyrights owned by Grindle.

## THE PARTIES

4. Haslani is an individual who is a citizen of the state of New Jersey, with a business address of 379 Thornall Street, 2nd Floor, Edison, NJ 08837.

5. Grindle is an individual who is a citizen of the state of Georgia, with an address of 3495 Duncan Bridge Drive, Buford, GA 30519.

## JURISDICTION AND VENUE

6. This is an action for declaratory judgment arising under (i) the United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"); (ii) 15 U.S.C. §1125, *et seq.* (the "Lanham Act"); and (iii) 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). Thus, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338. This action also recites a related common law claim for which this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

7. Defendant Grindle is also subject to the personal jurisdiction of this Court because the Defendant's false assertions of infringement of alleged copyrights were directed to the Plaintiff in the State of New Jersey. Thus, this Court has specific personal jurisdiction over Grindle.

8. Venue of this action is proper in the District of New Jersey under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims has occurred and will continue to occur in the District of New Jersey.

## FACTUAL BACKGROUND

9. Plaintiff re-avers and re-states the foregoing Paragraphs 1-8 inclusively as if fully set forth herein.

10. Haslani is a citizen of central New Jersey, residing there fulltime. Haslani owns a website domain entitled bigdguru.com (the "Website"). While the Website was once live (but is no longer), it has never been active, but had been used for no purpose other than beta testing; there has never been any effort to promote the Website or otherwise encourage any visits to it by the public.

11. The users of the site were quality assurance analysts only, who were retained to test the functionality of the Website.

12. To test the Website, the analysts loaded articles they obtained from the internet, without Haslani's knowledge or approval, and used them solely to test the functionality of the Website's search engine.

13. One of the articles used for this testing was one that contained a photograph (the "Photo") that Grindle claims was his and that Grindle fraudulently claimed was protected by a copyright registered with the United States Copyright Office.

14. Grindle holds himself out as a photographer, purportedly selling photographs and licenses for same over the internet, and otherwise.

### DEFENDANT'S ACTS COMPRISING ACTUAL CONTROVERSY

15. Plaintiff re-avers and re-states the foregoing Paragraphs 1-14 inclusively as if fully set forth herein.

16. On or about September 7, 2016, Grindle first notified Haslani that one of the articles on the Website contained a photograph he had taken.

17. Haslani immediately had the testing analysts permanently remove the Photo from the Website.

18. On about September 8, 2016, Grindle threatened litigation against Haslani, using

the fraudulent statement that the Photo was "copyrighted through the US Copyright Office."

19. In fact, the Photo had been licensed without registration no later than January 7, 2016 to one "Amanda Ziadeh." No application was made to the United States Copyright Office at that time, nor was one ever made until about July 2016, at the earliest.

20. Amanda Ziadeh had obtained her license from Shutterstock.com a website that allows photographers to upload their images and offer them for licensing. Upon information and belief, Amanda Ziadeh's licensing fee for the Photo would have been less than $20, of which Grindle would have received about half.

21. On September 13, 2016, Grindle wrote to Haslani's counsel threatening litigation seeking "statutory damages" by fraudulently stating that the Photo "is actually copyrighted by the US copyright office" and claiming that his (non-existent) federal registration "entitles me to recover reasonable legal fees and has the venue as the Atlanta District Court as well."

22. Also on September 13, 2016, Grindle demanded a completely unwarranted settlement payment of $5000 in exchange for a release, with a ten-day deadline.

23. When questioned about whether this $5000 demand, so many times more than the licensing fee he received for the Photo from Shutterstock.com, was trolling, Grindle admitted that "In one sense, it was trolling. . . . My offer to settle remains at $5000 and I hope you find the value in that. If not, I'm not in financial need and will let this play out through the courts."

24. On September 24, 2016, having not received his $5000, Grindle wrote to Haslani's counsel, "My offer for a $5000 settlement is off the table. . . I'm the son of a well-known, well liked former attorney here in Atlanta and [he will] handle most things pro se until they get handed over to my IP attorney. . . . I'm going to make this fun and see if we can't run his legal fees and settlements deep into six figures."

25. Later on September 24, 2016, Grindle wrote to Haslani's counsel, "My instructions from my father are crystal clear; No settlement. See it through to federal court. Funny thing is, he's so certain that he has offered to front the legal fees if I just do as he instructs. I'm game!"

26. On September 27, 2016, Grindle's counsel took over the effort to extort an unwarranted settlement from Haslani, upping the settlement demand to $6000, rejecting an offer from Haslani to settle for $200, which was the rough equivalent to Grindle's revenue from 20 licenses obtained through Shutterstock.com.

27. On September 27, 2016, Grindle's counsel warned that if the $6000 was not paid in full by October 7, 2016, Grindle "will not hesitate to seek the full legal recourse available to him."

28. On October 3, 2016, Grindle's attorney, in an email to Haslani's attorney, warned that Grindle had successfully targeted other alleged infringers, stating "we have recently settled cases similar to this one for a similar payment [i.e., $6000], which is the market value of the use would be in this case [sic]."

29. Relying upon his counsel was apparently not good enough for Grindle. On October 6, 2016, Grindle published defamatory accusations against Haslani to employees of Aptask, a company located in Edison New Jersey that is closely affiliated to Haslani, stating that Haslani had stolen from him and warning Haslani and the employees of that company. "You bit off a whole lot more than you can chew now. See ALL of you very soon. No one steals from me."

30. Also on October 6, 2016, Grindle wrote to Haslani: "If you think you are going to steal from me and then there be no repercussion, you are sadly mistaken. I will see you very

very soon. ;-)"

31. Grindle's threats and other communications through email from Grindle to Haslani, and later between Grindle or his counsel and Haslani's counsel, clearly and unambiguously articulated Grindle's intent to commence litigation to enforce his purported intellectual property rights.

32. On about October 7, 2016, Haslani sent to Grindle's counsel a check for $400, an amount that more than compensated Grindle for any actual damages he might have suffered had Haslani infringed upon any copyright Grindle may have possessed.

33. There presently exists a justiciable controversy regarding the Plaintiff's right to use Grindle's alleged work in the manner used, and also that Haslani has not fully compensated Grindle for any such use.

## FIRST CLAIM FOR RELIEF
### (Lack of Copyright Registration)

34. Plaintiff re-avers and re-states the foregoing Paragraphs 1-16 inclusively as if fully set forth herein.

35. This is a declaratory judgment action under (i) the United Sates Copyright Act of 1976, 17 U.S.C. § 101 *et. seq.* (the "Copyright Act"), and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist, and to pay $6000.00, Plaintiff seeks relief from this Court.

36. Plaintiff requests an order declaring that the alleged copyright(s) are not registered pursuant to the Copyright Act as fraudulently asserted by Grindle and, therefore, he is entitled to no relief thereunder.

## SECOND CLAIM FOR RELIEF
## (Non-Infringement of Copyright)

37. Plaintiff re-avers and re-states the foregoing Paragraphs 1-36 inclusively as if fully set forth herein.

38. This is a declaratory judgment action under (i) the United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"), and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). As an actual justiciable controversy exists by way of the credible threat of immediate litigation, Plaintiff seeks relief from this Court.

39. Plaintiff is entitled to declaratory judgment that he is not infringing, has not infringed, and/or is not liable for infringing any valid copyright owned by Grindle, and that any use that was made of the Photo was legal as fair use or otherwise.

40. In the alternative, Plaintiff is entitled to a declaratory judgment that any actual or other applicable damages to which Grindle is entitled have been fully compensated for by payment(s) from Haslani prior to judgment.

## THIRD CLAIM FOR RELIEF
## REQUEST FOR RELIEF RELATED TO FIRST TWO CLAIMS FOR RELIEF

WHEREFORE, Plaintiff seeks judgment awarding it the following relief on the first two claims for relief:

(a) An order declaring that Haslani did not infringe any valid copyright owned by Grindle;

(b) An order declaring Grindle's alleged copyright for the Photo was not timely or properly registered with the Copyright Office to permit any protection under the

copyright statutes of the United States of America for Haslani's alleged infringement;

(c) An order declaring that, in the event Haslani was held to have infringed any copyright interests in the Photo owned by Grindle, that Grindle has been fully compensated for such damages;

(d) An order awarding attorneys' fees, costs, and expenses incurred in connection with this action to Haslani; and

(e) An order awarding such other and further relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (Defamation)

41. Plaintiff re-avers and re-states the foregoing Paragraphs 1-40 inclusively as if fully set forth herein.

42. At all times mentioned in this complaint, Haslani enjoyed the respect, confidence, and esteem of his associates at Aptask which he enjoyed and to which he was entitled.

43. Haslani has never committed a theft, offense, or violation of law that would tend to lessen the respect, confidence, and esteem of his associates at Aptask which he enjoyed and to which he was entitled.

44. Grindle published to the employees of Aptask false accusations against Haslani intending to injure Haslani and to deprive him of his good name, fame, credit, and reputation in a reckless and/or willful or wanton ad/or negligent manner, falsely, maliciously, wickedly and illegally.

45. Grindle's statements and charges against Haslani, published to the employees of Aptask, were false in so far as they reflected upon Haslani's character and reputation, and otherwise.

46. By reason of the publication of the Grindle's false accusations, Haslani has had

- 8 -

his reputation and business relationships injured, which will cause him ongoing business loss and damage

47. Wherefore, Haslani demands judgment against Grindle for compensatory, special, exemplary and/or punitive damages, together with interest, attorney's fees, expenses, costs of suit, and such other relief as this Court may find equitable and just.

Dated: October 7, 2016

Respectfully submitted,
THE BASIL LAW GROUP, P.C.
1270 Broadway, Suite 305
New York, NY 10001
(917) 512-3066

By: _____
Robert J. Basil
robertjbasil@rjbasil.com
A Director of the Firm